IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-01304-PAB-BNB

ENERGY SERVICES, LIMITED LIABILITY COMPANY,
a Colorado limited liability company,

    Plaintiff,

v.

DYAD ENVIRONMENTAL, LLC,
an Idaho limited liability company,

    Defendant.
_____

# ORDER
_____

    This matter is before the Court on the Motion for Temporary Restraining Order and Application for Preliminary Injunction [Docket No. 2] filed by plaintiff on May 18, 2012. On May 29, 2012, defendant filed a response to plaintiff's motion. For the following reasons, the Court concludes that plaintiff has not presented sufficient facts to support its motion.

    In order to obtain a preliminary injunction,[1] plaintiffs bear the burden of establishing that four factors weigh in their favor: (1) a likelihood of success on the merits; (2) a likelihood that the movants will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that

---

[1] "Where the opposing party has notice, the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction." *Escobar v. Reid*, No. 06-cv-01222-CMA-KLM, 2008 WL 4877009, at *2 (D. Colo. Nov. 12, 2008) (quoting *Emmis Comm'ns Corp. v. Media Strategies, Inc.*, No. Civ. A 00-WY-2507CB, 2001 WL 111229, at *2 (D. Colo. Jan. 23, 2001)).

the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Natural Resource Defense Council, Inc.*, 555 US. 7, 20, (2008)).[2] The Tenth Circuit has made it clear that "because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Consequently, granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

In its motion, plaintiff alleges that it "is an oil field service company who entered into a consulting agreement . . . with [defendant] in October 2011 whereby [defendant] agreed to provide consulting services relating to soil and water reclamation systems to be developed for use in the oil and gas drilling industry." Docket No. 2 at 2, ¶ 5. As the consulting agreement makes clear, defendant also agreed to license its soil reclamation technology to plaintiff for marketing and use. *See* Docket No. 2-2 at 1-2. The parties also entered into a licensing agreement in connection with the consulting agreement which contained a five-year non-competition provision. Defendant notified plaintiff by letter dated April 16, 2012 that it was terminating the agreements due to various

---

[2]Plaintiff has certified that it has conferred with counsel for defendants as required by D.C.COLO.LCivR 7.1A. *See* Docket No. 9 at 2.

breaches by plaintiff, including breaches of the non-competition provision.  *See* Docket No. 2-4.

In the present motion, plaintiff seeks enforcement of the non-competition provision of the licensing agreement so as to prevent defendant from, *inter alia*, using or marketing the technology defendant had licensed to plaintiff.  Plaintiff, however, does not allege any facts disputing the alleged breaches of the agreements recited in defendant's April 16 letter or that such breaches are sufficient bases for defendant's termination of the agreements.[3]  While plaintiff points out that the non-competition period is for five years "after any disassociation," Docket No. 2-3 at 6, it fails to explain why termination of the agreements due to plaintiff's own breach of the non-competition provision would bar defendant from engaging in the relevant business activities for five years.  *Cf.* Docket No. 2-3 at 5 (where the licensing agreement's "Expiration and Termination" provision identifies those "rights and obligations," which do not include the non-competition provisions, that survive termination).[4]  In short, plaintiff does nothing more than identify a termination of the agreements based on its own breaches and requests enforcement of non-competition provisions without supporting factual

---

[3] In support of the motion, plaintiff submits an affidavit of Jimmie Williams, its Chief Financial Officer.  *See* Docket No. 2-1.  The affidavit authenticates the copies of the agreements and termination letter supplied by plaintiff as exhibits.  Mr. Williams provides no other facts supporting the requested relief.

[4] The Court notes that, in this regard, plaintiff also fails to explain its interpretation of the scope and purpose of the non-competition provision upon which it relies considering that the licensing agreement itself is a non-competition agreement.

allegations and legal argument that, if accepted, would demonstrate entitlement to the requested relief.[5]

Because the present motion has not provided a basis upon which the Court can conclude that plaintiff is likely to succeed on the merits, it is

**ORDERED** that the Motion for Temporary Restraining Order and Application for Preliminary Injunction [Docket No. 2] is DENIED without prejudice.

DATED May 30, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[5]*Cf. Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175-76 (3d Cir. 1990) (noting that Fed. R. Civ. P. 65(a) "does not make a hearing a prerequisite for ruling on a preliminary injunction," and that a hearing "would not be necessary if the movant is proceeding on a legal theory which cannot be sustained," "if the facts are undisputed and the relevant factual issues are resolved," or "when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm.").